976 F.2d 724
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Juan Camilo MONTOYA, Petitioner, Appellant,
v.
UNITED STATES of AMERICA, Respondent, Appellee.
 No. 92-1310.
 United States Court of Appeals,
First Circuit.
 Filed September 29, 1992.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ernest C. Torres, U.S. District Judge]
 Juan Camilo Montoya on brief pro se.
 Lincoln C. Almond, United States Attorney, Margaret E. Curran, Assistant U.S. Attorney, James H. Leavey, Assistant U.S. Attorney, and Ira Belkin, Assistant U.S. Attorney.
 D.R.I.
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 PER CURIAM.
 
 
 1
 We have reviewed the parties' briefs and the record on appeal. We agree with the magistrate judge's conclusion with respect to appellant's claim of newly-discovered evidence.
 
 
 2
 We also agree that appellant's claim that his federal sentence should be construed as concurrent with his state sentence and that he should be credited with time served on his state sentence is meritless.
 
 
 3
 It is a firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict. This rule is recognized in virtually every circuit.
 
 
 4
 United States v. Villano, 816 F.2d 1448, 1450 (10th Cir. 1987) (en banc) (citation omitted). Assuming, without deciding, that the orally pronounced sentence on November 30, 1989 conflicted with the written order of commitment of that date, the district court, in any event, clearly stated that "credit [was] to be given for all federal time heretofore served." This was a sufficient indication of the court's intent that the term of imprisonment imposed upon resentencing remain (as indisputably stated in the original sentence) consecutive.
 
 
 5
 Finally, we summarily reject appellant's contention that the district court failed to make an independent de novo determination, as required by 28 U.S.C. § 636(b)(1). That provision expressly permits the district court, as was done here, to accept the findings or recommendations made by the magistrate. It does not require, as appellant appears to suggest, that the district court make its own express findings.
 
 
 6
 We affirm the district court order accepting the report and recommendations of the magistrate judge.
 
 
 7
 Affirmed.